# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant WESTON K. DAVIS**
**United States Army, Appellant**

ARMY 20150219

Headquarters, 10th Regional Support Group
Mark Bridges, Military Judge
Lieutenant Colonel May L. Nicholson, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA (on brief & on brief in response to specified issues).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief); Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief in response to specified issues).

25 February 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of destruction of non-military property, one specification of assault consummated by battery, one specification of reckless endangerment, and one specification of communicating a threat, in violation of Articles 109, 128, and 134 Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 909, 928, and 934 (2012). The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is at issue before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which we find has no merit. The matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are also without merit. We find one additional issue, however, that warrants

discussion and relief. This court specified two issues for further review and briefing; the following issue was specified in our order:

> WHETHER THE ARTICLE 134, UCMJ OFFENSE OF
> RECKLESS ENDANGERMENT SHOULD BE
> DISMISSED AS CONSTITUTING AN UNREASONABLE
> MULTIPLICATION OF CHARGES IN LIGHT OF
> WILLIAMS V. STATE, 100 MD. APP. 468, 641 A.2d 990
> (1994)?

## BACKGROUND

Appellant and his roommate, Staff Sergeant (SSG) ZI, got into a heated argument during a night of socializing at a local restaurant and bar in Okinawa, Japan. The argument culminated with appellant telling SSG ZI not to return to the apartment the two men shared. Staff Sergeant ZI left the bar, returned to their apartment, and retired to his bedroom where he went to sleep.

A short time later, SSG ZI awoke to appellant knocking on his bedroom door and demanding SSG ZI to leave the apartment. When SSG ZI did not respond or leave, appellant repeatedly hit the door with a baseball bat, eventually smashing a large hole in the door. As appellant hit the door, he yelled "I'm going to kill you." Staff Sergeant ZI stood on the other side of the bedroom door bracing it with his body to keep appellant from entering the bedroom. As he held the door closed, SSG ZI quietly called the police. At some point during appellant's violent frenzy, SSG ZI was hit on the arm by the bat as appellant swung it at the door.

Appellant eventually put down the bat and tried to pry the door open with a knife. When this failed, he began stabbing the door with the knife. After more than forty minutes of this violent tirade, appellant stopped and went downstairs and soon after he was arrested by police responding to the scene.

## LAW AND DISCUSSION

*Assault Consummated by Battery and Reckless Endangerment*

The prohibition against unreasonable multiplication of charges has long provided reviewing authorities with a traditional legal standard of reasonableness to address the consequences of an abuse of prosecutorial discretion in the context of the unique military justice system. *United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001). Rule for Courts-Martial 307(c)(4) is the current regulatory expression of that prohibition, directing that "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." The principle provides that the government may not needlessly "pile

on" charges against an accused. *United States v. Foster*, 40 M.J. 140, 144 n.4 (C.M.A. 1994).

Our superior court has endorsed the following non-exhaustive list of factors in determining whether an unreasonable multiplication of charges has occurred:

> (1) Did the [appellant] object at trial that there was an unreasonable multiplication of charges and/or specifications?
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Quiroz*, 55 M.J. at 338-39 (internal quotation marks omitted).

First, appellant did not raise the issue of unreasonable multiplication of charges at trial.[1] This weighs against appellant. Second, appellant was convicted of two crimes occurring simultaneously or within seconds of each other that arose out of the same course of conduct during appellant's efforts to break down the door and get SSG ZI to leave the apartment. Appellant was convicted of both assault consummated by battery with a *bat* and reckless endangerment by trying to break down the door with a *bat* and knife as SSG ZI braced the door with his body, conduct that was likely to cause death or grievous bodily harm. The reckless endangerment specification arose from the same act of appellant swinging and hitting SSG ZI with the bat. Both offenses occurred at the same time, location, and during the same criminal course of conduct. Here, the assault consummated by the battery with the bat is aimed at the same action as the reckless endangerment specification. We, therefore, conclude the striking of SSG ZI with the bat and the reckless endangerment constitute a single transaction under these facts. Convicting appellant twice for what amounts to a single offense exaggerates his criminality and unfairly subjects appellant to increased punitive exposure. Lastly, although we find

---

[1] He also did not specifically waive the issue at trial or in his pre-trial agreement.

no prosecutorial overreaching or abuse in drafting charges, we conclude on balance, that the *Quiroz* factors weigh in appellant's favor and an unreasonable multiplication of specifications exists.[2]

*Sentence Reassessment*

This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). This analysis is based on a totality of the circumstances with the following as illustrative factors:

> (1) Dramatic changes in the penalty landscape and exposure.
>
> (2) Whether an appellant chose sentencing by members or a military judge alone. As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members. This factor could become more relevant where charges address service custom, service discrediting conduct or conduct unbecoming.
>
> (3) Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.
>
> (4) Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.

---

[2] Given our dismissal of the assault consummated by battery, it is unnecessary to reach a judgment as to whether the assault consummated by battery is an unreasonable multiplication of charges with the communication of a threat. *See United States v. Cox,* ARMY 20111136, 2014 LEXIS 876 (Army Ct. Crim. App. 26 Nov. 2014)(sum. disp.).

DAVIS —ARMY 20150219

*Winckelmann*, 73 M.J. at 15-16 (internal citations omitted).

Applying these factors to this case, we are confident that reassessment is appropriate. First, we look to the penalty landscape. Appellant's confinement exposure is reduced from five years and six months to five years confinement. The remainder of the penalty landscape is unchanged. Second, appellant was sentenced by a military judge. We are confident we can discern what punishment a military judge would adjudge in this case. Third, the gravamen of the criminal conduct included within the original offenses remains the same. Lastly, the offenses are ones that we have experience and familiarity with in determining what sentence would have been imposed at trial.

## CONCLUSION

The finding of guilty of Specification 3 of Charge I is set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by this decision, are ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5